IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 22-CR-25 (APM) |
| | ) | |
| KIRSTYN NIEMALA | ) | |

**DEFENDANT'S MOTION TO MODIFY BOND CONDITIONS**

    Kirstyn Niemala, through her attorney, Kira Anne West, respectfully requests that this Honorable Court modify her conditions of release. Specifically, she asks the Court to remove condition (7) (m) & (n) which requires her to not use a controlled substance defined in 21 U.S.C. Section 802 and submit to testing for a prohibited substance…. *See* ECF # 14. In support of this request, she states the following:

1. Defendant is charged in a four-count criminal information with misdemeanor offenses the government alleges she committed on January 6, 2021, at the United States Capitol. Those offenses are Entering and Remaining in a Restricted Building or Grounds; Disorderly and Disruptive Conduct in a Restricted Building or Grounds; Disorderly Conduct in a Capitol Building; and Parading, Demonstrating, or Picketing in a Capitol Buildings, violations of 18 U.S.C. §§ 1752(a)(1) and (a)(2), and 40 U.S.C. §§5104(e)(2)(D) and (e)(2)(G), respectively. Defendant is charged with codefendant Stefani Chiguer whose charges are identical.

2. Defendant appeared on January 20, 2022, for her initial appearance in the instant case before Mag. Judge Harvey. Judge Harvey was charged with determining under 18 U.S.C. §3142(c)(1)(B) , "the least restrictive further condition, or combination of conditions Pretrial Services recommended."

3. The D.C. Pretrial Services Agency ("PSA") recommended "General Supervision," including, among others, the condition do "not use or unlawfully possess a narcotic drug or other controlled

substances and "submit to testing for a prohibited substance if required……"" (PSA report, page 2, ECF 14). Magistrate Judge Harvey followed its recommendation. The actual "Order Setting Conditions of Release" prohibits the defendant from using any prohibited substance (ECF Doc. 14, ¶7(m) & (n), page 2)

4. Defendant was also ordered to "submit to supervision by and report for supervision to the District of New Hampshire ("DNH") (as directed)...." (Id., ¶7(a). It is counsel's understanding that PSA recommends a no-possession or use condition for defendants in January 6 cases, many of whom reside elsewhere than in the D.C. metropolitan area. They receive "courtesy supervision" by PSA (and in some cases U.S. Probation) officers in other districts. There appears to be no stated purpose for this restriction as it pertains to the defendant.

5. The defendant complied with the order by not smoking marijuana. Defendant also reported as required to a U.S. Pretrial Officer in New Hampshire. Defendant reports that a USPO visited defendant's home on March 1, 2022, to test her for illicit substances. Defendant reports that test was negative. Counsel communicated with D.C. USPO Stanford regarding the defendant's conditions of release, specifically the illicit substance restriction. Ms. Stanford confirmed the negative test and takes no position.

6. Defendant opposes the imposition of the illicit substance restriction. She is not charged with a drug possession or trafficking offense. The New Hampshire House has voted to allow small amounts of marijuana for personal possession and cultivation. That bill is currently before the Senate of New Hampshire.

7. Defendant moves the Court to lift the restriction on her. It is a financial burden as she has to commute each week, 30 minutes one way, to be tested. She is often late to work because of this.

8. Defendant contends that the restriction here is neither reasonable in or justified by these circumstances. Defendant does not present any factors that would suggest she's a danger to others. She has a small criminal record, is fully employed in construction and has stable living quarters. Further, there's no evidence before the Court of a history of alcohol or drug abuse. The charges she faces in the instant case are all non-violent misdemeanors. Allegations do not include either assaults against persons or the vandalizing or destruction of property.

Defendant submits that a blanket application in the January 6 set of cases of the non-possession restriction violates a basic principle of our criminal justice system: to treat defendants, and their cases, individually. Our system is not designed to, nor should it, treat defendants in bulk, much less as fungible, without further discrimination. A restriction that infringes on a legal act should not be considered a "standard condition" of pretrial release, certainly not without an examination into both the need for the restriction and whether or not it is justified in the circumstances, taking into account the nature of the case along with the defendant's background. It should also be pointed out that the defendant stands charged with these offenses but is presumed innocent unless and until proven guilty.

For the reasons stated above, the defendant urges the Court to remove the restriction on the possession of marijuana and/or illicit substances during the pendency of this case. She can continue to be monitored by Pretrial Services without this onerous condition which is evidenced by her complete compliance since her arrest.

Respectfully submitted,

KIRA ANNE WEST

By: _____/s/_____

Kira Anne West
DC Bar No. 993523
712 H Street N.E., Unit 509
Washington, D.C. 20002
Phone: 202-236-2042
kiraannewest@gmail.com
Attorney for Ms. Niemela

## CERTIFICATE OF SERVICE

I hereby certify on the 10th day of March, 2022, a copy of same was delivered to the parties of record, by email pursuant to the Covid standing order and the rules of the Clerk of Court.

/S/

Kira Anne West